IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WENDELL JAMES THORNTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-3012-P-BN |
| | § | |
| DALLAS I.S.D., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial

screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the

District Court. The undersigned magistrate judge issues the following findings of fact,

conclusions of law, and recommendation.

## Background

This is a civil action brought by Wendell James Thornton, appearing *pro se*,

against his former employer, the Dallas Independent School District ("DISD"), its

superintendent, executive director, executive director of maintenance, director of

custodial services, and his supervisor, a teacher, and the principal of Seagoville High

School. On August 2, 2013, Plaintiff tendered a complaint with attachments to the

district clerk and filed an application to proceed *in forma pauperis. See* Dkt. Nos. 3 &

5. Because the information provided by Plaintiff in his pauper's affidavit indicates that

he lacks the funds necessary to prosecute this case, the Court granted leave to proceed

*in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7. The undersigned magistrate judge served written interrogatories on Plaintiff in order to obtain additional information the factual basis of his suit. *See* Dkt. No. 8. Plaintiff answered the interrogatories on August 22, 2013. *See* Dkt. No. 9.

In his complaint and interrogatory responses, Plaintiff alleges that he was subjected to harassment, bullying, and intimidation by his supervisor, Alfonso Donaldson, due to Plaintiff's refusal to violate district policy by providing his security code to Seagoville High School. *See* Dkt. No. 3 at 1; Dkt. No. 9 at Question 1. After he filed a grievance to challenge this conduct and the "disparity of treatment" that he received because he was a long-tenured employee, Plaintiff was placed on administrative leave and eventually his employment was terminated. *See* Dkt. No. 3 at 1-2. After his termination, Plaintiff filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division alleging race-based discrimination and retaliation. *See* Dkt. No. 3 at 4. He alleges in this federal lawsuit that he was fired unlawfully because he refused to give his security code, that he was treated differently because of his extensive service, and that he was retaliated against after he complained that his supervisor attempted to force him to violate district's security policy. *See id.* at 1-2; Dkt. No. 9 at Questions 1 & 3.

Although Plaintiff appears to allege wrongdoing under the Family and Medical Leave Act ("FMLA") and Title VII of the Civil Rights Act of 1964, Plaintiff only makes vague allegations of discrimination based upon race or FMLA status. He states:

I feel that the following reasoning is why I have been terminated:

      1. the years of service[,] 24.
      2. Also that I am African American[.] Under the new superintendent have
      let others go who were African American. Over 50%.
      3. Retaliation after filing my grievance everything started going downhill.
      4. My medical leave for stress.

*See* Dkt. No. 3 at 2. When asked to provide "all specific facts that show [he was] retaliated against," Plaintiff simply indicated that he was placed on administrative leave and terminated when he refused to provide his security code and filed a grievance to challenge the conduct of his supervisor. *See* Dkt. No. 9 at Question 3.

      The undersigned concludes that Plaintiff has failed to state a claim for relief and that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

## Legal Standards

      A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

      (i)      is frivolous or malicious;

      (ii)     fails to state a claim on which relief may be granted; or

      (iii)    seeks monetary relief against a defendant who is immune from
             such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Plaintiff complains that he was discriminated against on the basis of race and retaliated against in violation of Title VII of the Civil Rights Act. *See* Dkt. No. 3 at 1-4; Dkt. No. 9 at Question 3. When asked to expand upon his conclusory claims of discrimination under Title VII, Plaintiff simply states that he was mistreated for refusing to violate district policy. *See* Dkt. No. 9 at Question 3. He reports that he was bullied, harassed, and retaliated against but that such conduct was in response to his refusal to provide his building security code. *See id.*

Title VII makes it unlawful for an employer to discriminate against an individual based on race or retaliate against him for engaging in protected activity. *See* 42 U.S.C. § 2000e-2. Claims under Title VII are analyzed through the framework set out by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *See McCoy v. City of Shreveport,* 492 F.3d 551, 556 (5th Cir. 2007). Under that framework, a plaintiff must establish a prima facie case of discrimination before the case may proceed. *Id.* To establish a prima facie claim of racial discrimination, a plaintiff must show that he was (1) a member of a protected class; (2) qualified for the position; (3) suffered an adverse employment action; and, (4) was replaced by someone outside of his protected class or that others outside of his protected class and similarly situated were treated more favorably. *See id.*. To establish a prima facie claim of retaliation, a plaintiff must demonstrate that (1) he engaged in protected activity; (2) an adverse employment action occurred; and (3) that a causal link exists between the protected activity and the adverse employment action. *See id.* at 557.

The Fifth Circuit has cautioned that a plaintiff is not required to make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)). Thus, the question for the Court on initial screening is simply whether Plaintiff's pleadings sufficiently state that he suffered a discriminatory employment action or actionable retaliation. *See Swierkiewicz,* 534 U.S. at 512-13. "While a plaintiff is not required to plead a prima facie case based on discrimination and retaliation at the pleading stage for purposes of Rules 8 and

12(b)(6), he must set forth allegations that would enable the court to reasonably infer that his employer or employment agency discriminated against him in violation of Title VII and took the alleged adverse employment action because he engaged in protected activity." *Nieman v. Hale*, No. 3:12-cv-2433-L, 2012 WL 3204990, at *4 (N.D. Tex. Aug. 8, 2012) (internal citation omitted).

Here, Plaintiff's allegations of discrimination are insufficient. Aside from his conclusory claim of race-based animus, *see* Dkt. No. 3 at 2, Plaintiff alleges no facts demonstrating that any Defendant's actions were motivated by his race. His allegations are devoid of specific objective incidents of racial discrimination, for example, racial comments or treatment different from similarly situated employees of another race. Rather, Plaintiff apparently asks this Court to infer race-based discrimination based on Defendant's mistreatment of him and subsequent termination. Such unsupported allegations fail to state a claim – that is, under Rule 8(a), fail to rise to the level of allegations that would enable the Court to reasonably infer that Plaintiff's employer discriminated against him in violation of Title VII – and should be dismissed. *See Raj*, 714 F.3d at 331 (affirming Rule 12(b)(6) dismissal where plaintiff "did not allege any facts, direct or circumstantial, that would suggest [defendant]'s actions were based on [plaintiff]'s race or national origin or that [defendant] treated similarly situated employees of other races or national origin more favorably"); *accord Nieman*, 2012 WL 3204990, at *4.

Similarly, Plaintiff's claims of retaliation should be summarily dismissed. Under Title VII, a person "has engaged in protected activity" if he has "opposed any practice

made an unlawful employment practice by this subchapter" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." *Byers v. Dallas Morning News, Inc.,* 209 F.3d 419, 427-28 (5th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)). "[I]f the conduct complained of by a plaintiff had nothing to do with race, color, religion, sex or national origin, he cannot maintain a retaliation claim under Title VII." *Wesley v. Scobee Foods, Inc.*, No. 3:12-cv-1836-K, 2013 WL 3324092, at *6 (N.D. Tex. June 28, 2013). "Whether the employee opposes an unlawful practice or participates in a proceeding against the employer's activity, the employee must hold a reasonable belief that the conduct he opposed violated Title VII." *Nieman*, 2012 WL 3204990, at *3.

In this case, Plaintiff does not allege that he engaged in any protected activity. Filing an internal grievance about district policy or an office-place dispute is not a "protected activity" for the purposes of Title VII. *See, e.g.*, *Everett v. Central Miss., Inc. Head Start Program*, 444 F. App'x 38, 46-47 (5th Cir. 2011) (internal complaint employee filed against supervisor after she called her a "dumb lawyer" and stated she hoped no one would go to employee's funeral was not assertion of discrimination sufficient to be a "protected activity"). For that reason, Plaintiff has failed to set forth allegations that would enable the Court to reasonably infer that his employer took an alleged adverse employment action because he engaged in protected activity and so has failed to state a claim for retaliation under Title VII. *See Byers*, 209 F.3d at 427; *Nieman*, 2012 WL 3204990, at *4.

To the extent that Plaintiff seeks to raise a violation of the Family and Medical Leave Act, that claim should also be summarily dismissed. Under the FMLA, an employer may not "discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the Act]." 29 U.S.C. § 2615(a)(2). This proscriptive aspect of the statute prohibits employers from "us[ing] the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c); *see also Bocalbos v. Nat'l W. Life Ins. Co.,* 162 F.3d 379, 383 (5th Cir. 1998). However, Plaintiff does not claim that he was fired or disciplined as a result of his use of FMLA leave. Instead, he alleges that he was forced to take medical leave because of the anxiety caused by the mistreatment by Donaldson and the policy changes made by Superintendent Miles. *See* Dkt. No. 3 at 2. This is not sufficient to state a claim for violating the FMLA.

Plaintiff's remaining allegations of wrongdoing do not allege any violation of federal law.

Accordingly, Plaintiff's complaint should be summarily dismissed.

## Recommendation

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 28, 2013

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE